UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

---

| | |
|---|---|
| **UNITED STATES OF AMERICA,**     ) | |
|                                                                    ) | |
| **Plaintiff,**     ) | |
| v.                                                                ) | Case No. 07-CR-20018 |
|                                                                    ) | |
| **ANDRE D. CROSS,**      ) | |
|                                                                    ) | |
| **Defendant.**     ) | |

## OPINION

On November 2, 2007, Defendant, Andre D. Cross, was sentenced to 100 months in the Bureau of Prisons for the offense of possession of a firearm by a felon, in violation of 18 U.S.C. 922(g)(1). Defendant waived his appeal rights at sentencing. On August 11, 2008, Defendant filed a Pro Se Motion for Appointment of Counsel (#17). Defendant asked this court to construe the filing as a motion to appoint counsel, yet included a "memorandum," a letter addressed to Federal Defender Richard H. Parsons, stating "[b]ased on my professional theory I do believe that the above namely style significantly qualifies for a sentencing reduction, in accordance with the policy statement-title is United States Code, 3582(c)(2)." Nothing further has been filed with this court since August 11, 2008.

This court first notes that "[o]nce a district court enters a final judgment (which in a criminal case means the sentence) it lacks jurisdiction to continue hearing related issues, except to the extent authorized by statute or rule." United States v. Campbell, 324 F.3d 497, 500 (7th Cir. 2003) (Easterbrook, J., concurring). Section 3582(c)(2) gives this court authority to modify a sentence when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Defendant has cited no case law or authority, statute or rule, under which his sentence for felon in possession

of a firearm, under 18 U.S.C. § 922(g)(1), should be reduced. This court therefore concludes that it does not have jurisdiction to modify Defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2). See United States v. Montana, 2003 WL 21801029, at *1 (N.D. Ill. 2003).

IT IS THEREFORE ORDERED THAT Defendant's Pro Se Motion to Appoint Counsel (#17) is denied for lack of jurisdiction.

ENTERED this 26th day of September, 2008

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE